### Caliman v. American General Fire & Casualty Co.
### Case No. C-880692
### Hamilton County, (1st)
### Decided January 24, 1990
[Cite as 1 AOA 2]

*Patricia K. Young, Esq., 1500 Chiquita Center, 250 East Fifth Street, Cincinnati, Ohio 45202, for Plaintiffs-Appellants,*

*Lawrence A. Flemer, Esq., 2000 Central Trust Center, 201 East Fifth Street, Cincinnati, Ohio 45202, for Defendant-Appellee American General Fire and Casualty Company.*

*PER CURIAM.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County, Ohio, the transcript of the proceedings, the briefs and the oral arguments of counsel.

In 1981, John Dean Mize was employed as an agent in the Cincinnati office of National Life and Accident Insurance Company (National), now known as American General Life and Accident Insurance company (AGLA). On August 23, 1983, Mize married Amma Anim. In November 1983, Mize purchased a $200,000 life insurance policy, naming Anim as the insured and himself as sole beneficiary. Mize was terminated from his employment in December 1983, and reemployed in National's Oakland, California, office on April 16, 1984. On April 18, 1984, Mize submitted an application for health and accident insurance which was furnished to National employees on a group basis, the premiums being deducted from Mize's salary. The group policy was issued by appellee American General Fire and Casualty Company (AGFC). The policy provided a $50,000 benefit payable to Mize, as sole beneficiary, upon the death of Anim. On August 24, 1984, Mize murdered Anim, for which he was subsequently convicted.

The parties corresponded regarding the payment of benefits under the insurance policies on Anim's life. In a separate action, plaintiffs-appellants A. Noel Caliman, executor of the estate of Amma Anim, and Rose and Robert Anim, parents of Amma Anim, filed a complaint for declaratory judgment, seeking a determination of the duty of the insurance companies to pay, and a designation of the beneficiaries, under the policies. Appellants subsequently filed the within complaint, claiming that they are entitled to the proceeds of the two insurance policies, and advancing claims for breach of contract, fraud, bad faith in negotiation and violation of the Consumer Sales Practices Act. Appellants' claims against defendants AGLA and John B. Allyn were settled. The remaining issues relate to appellants' claim for the proceeds of the $50,000 policy issued by appellee AGFC. Appellee filed a motion for summary judgment on all claims, which the trial court granted. Appellants timely appealed.

Appellants' sole assignment of error alleges the trial court erred in granting appellee's motion for summary judgment. We agree.

R.C. 2105.19 provides in pertinent part:

> * * * no person who is convicted of, pleads guilty to, * * * a violation of or complicity in the violation of section 2903.01 [aggravated murder], 2903.02 [murder], or 2903.03 [voluntary manslaughter] of the Revised Code * * * shall in any way benefit by the death.
>
> *All* property of the decedent, and all money, *insurance proceeds* or other property or benefits *payable or distributable in respect of the decedent's death, shall pass or be paid*

as if the person who caused the death of the decedent had predeceased the decedent. (Emphasis added.)

The insurance policy issued by appellee AGFC in part states:

If, at the death of the Insured, there is no surviving beneficiary, the accidental loss of life indemnity shall be payable in one sum to the first surviving class of the following classes of beneficiaries, otherwise to the estate of the Insured: wife, husband, child or children, father, mother, brothers or sisters.

After reading the above-quoted clause in light of R.C. 2105.19, we find there is a genuine issue of material fact as to whether appellee AGFC is liable to pay the proceeds of the $50,000 insurance policy to one of the surviving classes of beneficiaries of the deceased insured listed in the policy. Appellants' assignment of error is sustained.

The judgment of the trial court is reversed and the cause is remanded for further proceedings consistent with law and with this Decision.

KLUSMEIER, P.J., HILDEBRANDT and GORMAN, JJ.